# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

In Re:
RAILYARD COMPANY, LLC,                           Bankruptcy Case No. 15-12386-t7

    Debtor.

---

STEVE DURAN and
RICK JARAMILLO,

    Appellants,

v.                                               U.S. District Court No. 19-cv-589 MV/SCY

CRAIG DILL, Chapter 7 Trustee,

    Appellee.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on a bankruptcy appeal by Appellants Steve Duran and Rick Jaramillo, pursuant to 28 U.S.C. § 158(a), from two June 10, 2019 Orders entered by the United States Bankruptcy Court for the District of New Mexico in Case 15-12386-t7. *See* Doc. 11 at 127-35. On July 8, 2019, the Honorable Martha Vázquez referred this bankruptcy appeal to me for proposed findings and a recommended disposition under 28 U.S.C. § 636(b). Because Appellants lack standing and because the record submitted is insufficient for meaningful review, I recommend that the Court affirm the bankruptcy court's June 10, 2019 decisions.

## BACKGROUND

On September 4, 2015, the debtor Railyard Company, LLC commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Doc. 11 at 131-32. On July 13, 2016, Craig H. Dill was appointed as the Chapter 11 Trustee of the

bankruptcy estate of the debtor. Doc. 11 at 132. On December 17, 2018, the bankruptcy court entered an order converting the case to Chapter 7 and appointing Mr. Dill as the Chapter 7 trustee. *Id.*

At issue in this appeal are two orders the bankruptcy court entered on June 10, 2019: Order Approving Motion To Approve Settlement Agreement With The City Of Santa Fe (Doc. 11 at 131-35); and Order Granting Trustee's Motion To Strike Objection To Motion To Approve Settlement Agreement With The City Of Santa Fe (Doc. 11 at 127-34). In these orders, the court approved the Trustee's settlement with the City of Santa Fe, a creditor of the estate, and struck Appellants' objection to the Trustee's motion to approve the settlement. The court found that Appellants lacked standing to object to the settlement and approved the settlement in all respects.

On June 24, 2019, Appellants filed a Notice of Appeal in this court. Doc. 1. On November 8, Appellants filed their opening brief. Doc. 16. On December 9, the Trustee filed his response brief. Doc. 18. On December 23, Appellants filed their reply brief. Doc. 19. The matter is fully briefed and ready for decision.

## **STANDARD OF REVIEW**

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's legal determinations de novo and its factual findings for clear error. *In re Hedged-Investments Assocs., Inc.*, 84 F.3d 1267, 1268 (10th Cir. 1996).

When appellants proceed pro se, the district court generally construes their pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various

legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## **DISCUSSION**

In their opening brief, Appellants raise three issues: (1) the bankruptcy court erred when it struck Appellants' objection to the settlement with the City of Santa Fe; (2) the bankruptcy court erred in approving the settlement; and (3) the bankruptcy judge should have recused himself. The Trustee argues that these issues are not properly before the Court, and in the alternative, that the bankruptcy court did not err. I conclude that the bankruptcy court's finding that Appellants lack standing should be affirmed, and that the recusal decision is unreviewable.

**I.  Appellants Do Not Demonstrate Bankruptcy Standing.**

"[A]ppellate review of a bankruptcy court order is limited to 'persons aggrieved' by that order." *In re C.W. Mining Co.*, 636 F.3d 1257, 1260 (10th Cir. 2011). "To qualify as a 'person aggrieved,' a person's rights or interests must be directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Id.* (some internal quotation marks omitted).

Debtors are typically not "persons aggrieved" by a bankruptcy order affecting the size or the administration of the estate. *Id.* at 1260-61. That is because no part of an insolvent estate will revert to the debtor. *Id.* at 1260 (citing *In re El San Juan Hotel*, 809 F.2d 151, 154-55 (1st Cir. 1987) ("[A] hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights.")); *see also In re Weston*, 18 F.3d 860, 863-64 (10th Cir. 1994) ("Unless the estate is solvent and excess will eventually go to the debtor, or unless the

3

matter involves rights unique to the debtor, the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate." (footnote omitted)). In other words, a debtor has no right to challenge who gets which pieces of the pie if it is clear that the debtor himself will never get any pieces back.

Here, the bankruptcy court found that "[t]here are insufficient funds to pay the allowed unsecured claims in full." Doc. 11 at 128. On appeal, the Trustee alleges that, as of December 31, 2018, the Bankruptcy Estate had $303,251.78 in cash and owed $40,506.95 in administrative expenses, and the total amount of allowed unsecured claims was $5,294,402.38. Doc. 18 at 10 (citing Doc. 11 at 68 & 74, and Doc. 14 at 1-9). These figures, if accurate, would certainly demonstrate that the bankruptcy's factual finding of insolvency is not clearly erroneous.

Appellants do not challenge these numbers, or make any arguments directed at the bankruptcy court's reasoning. Instead, they argue that they have standing as creditors of the estate. Doc. 16 at 3 ¶¶ 6-7; Doc. 19 at 5-6. The reasoning behind this assertion is unclear. Appellants allege that a state district court has entered a judgment against them in their personal capacities in the amount of $4.4 million dollars. Doc. 16 at 3 ¶ 6. They indicate that they intend to make a claim against the bankruptcy estate based on this judgment. *Id.* ¶ 7. They offer no citations to the record to support these assertions,[1] and present no legal or factual support for the notion that a judgment against them in their personal capacities gives them a valid claim against their company. *See generally id.* This argument is therefore waived as it "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Garrett*, 425 F.3d at 840.

---

[1] Although Appellants attach one of the orders from the state court case to their opening brief, Doc. 16 at 24-26, they do not demonstrate that the bankruptcy record contains anything supporting their claim to be creditors of the estate. The Court further notes that the record shows that Appellants did not timely file any claims against the bankruptcy estate. Doc. 14 at 1-9.

4

Therefore, I recommend the Court affirm the bankruptcy court's ruling that Appellants lack standing to object to the settlement with the City of Santa Fe. The bankruptcy court's orders striking Appellants' objections and approving the settlement should be affirmed.[2]

## II. The Court Cannot Review Judge Thuma's Decision on Recusal.

Appellants argue on appeal that Judge Thuma should have recused himself from this case on the basis that his former law partner is an attorney for the Trustee. Doc. 16 at 2. Appellants indicate that they filed a motion to excuse Judge Thuma in 2016.[3] *Id.* They allege that Judge Thuma denied the motion on the basis of attorney-client privilege. *Id.*

The conclusion that Appellants lack bankruptcy standing indicates that they also lack standing to appeal Judge Thuma's recusal decision. *See In re Potter*, 101 F. App'x 770, 773 (10th Cir. 2004) ("We see no difference between Armstrong's lack of standing to appeal the

---

[2] The Trustee argues that the Court lacks jurisdiction over the order approving the settlement with the City of Santa Fe because the notice of appeal (Doc. 1) did not designate that order for review. Doc. 18 at 4-6. This is incorrect. The bankruptcy rules indicate that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Bankr. R. 8003(a)(2). The Tenth Circuit Bankruptcy Appellate Panel has concluded that dismissal for failure to designate specific orders in a notice of appeal is not appropriate unless the appellee can show prejudice. *In re Schott*, 302 B.R. 113 (B.A.P. 10th Cir. 2003). The Trustee does not argue he was prejudiced by the defective notice of appeal in this case.

To be clear, the Court has jurisdiction over this appeal under 28 U.S.C. § 158(a). The finding that Appellants lack bankruptcy standing does not mean they lack appellate standing or that this Court lacks jurisdiction over the appeal. *In re Thorpe Insulation Co.*, 677 F.3d 869, 883-84 (9th Cir. 2012). Therefore, I recommend affirmance of the bankruptcy court's decision rather than dismissal of the appeal.

[3] Ordinarily, an appeal filed in June 2019 from a 2016 order would be untimely. Bankr. R. 8002(a)(1). The decision not to recuse, however, is not subject to interlocutory appeal, but properly reviewed through a writ of mandamus. *Armstrong v. Rushton*, 101 F. App'x 775, 777 (10th Cir. 2004). Because Appellants are pro se, the Court may construe their notice of appeal as a petition for writ of mandamus. *Id.* Nonetheless, such a petition will rarely be successful because of the discretionary nature of a decision not to recuse. *Id.* Whether this case is construed as an appeal or a writ of mandamus is not material to the question of whether the Court can review the lower court's recusal decision on the present record.

5

dismissal order and his status regarding the recusal matter. Armstrong lacks standing to appeal from anything relative to the adversary proceeding."). As discussed above, Appellants do not have standing because they do not convincingly demonstrate that any of their pecuniary interests could be affected by decisions such as Judge Thuma's decision not to recuse himself. Even if Appellants had standing, however, another reason to affirm exists: the record is inadequate to review Appellants' contentions.

According to the record index, neither a motion for recusal nor a bankruptcy court ruling on any such motion is part of the record before this Court. *See* Doc. 13. The burden of providing the bankruptcy appellate court with an adequate record on appeal rests squarely on the appellant. *In re Miller*, 666 F.3d 1255, 1260 n.3 (10th Cir. 2012); *see also In re Armstrong*, 294 B.R. 344, 361 (B.A.P. 10th Cir. 2003), *aff'd*, 97 F. App'x 285 (10th Cir. 2004). The reviewing court may summarily affirm if the record does not include copies of the documents necessary to decide an issue on appeal. *In re Miller*, 666 F.3d at 1260 n.3; *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm.").

The denial of a motion to recuse is reviewed for an abuse of discretion. *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994). An abuse of discretion occurs when a ruling is premised on an erroneous conclusion of law or on clearly erroneous fact findings. *In re Utah Aircraft All.*, 342 B.R. 327, 331 (B.A.P. 10th Cir. 2006). The Court is unable to determine whether Judge Thuma misapplied the law or the facts when the reasons Judge Thuma denied the motion are not in the record. Affirmance is therefore proper.

## **CONCLUSION**

For the above stated reasons, I recommend that the decision below be affirmed.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**