IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In Re:
RAILYARD COMPANY, LLC,            Bankruptcy Case No. 15-12386-t7

    Debtor.
_____

STEVE DURAN and
RICK JARAMILLO,

    Appellants,

v.                                  U.S. District Court No. 19-cv-589 MV/SCY

CRAIG DILL, Chapter 7 Trustee,

    Appellee.

## ORDER OVERRULING APPELLANTS' OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on a bankruptcy appeal by Appellants Steve Duran and Rick Jaramillo, pursuant to 28 U.S.C. § 158(a), from two June 10, 2019 Orders entered by the United States Bankruptcy Court for the District of New Mexico in Case 15-12386-t7. *See* Doc. 11 at 127-35. In his Proposed Findings and Recommended Disposition ("PFRD"), filed February 18, 2020, United States Magistrate Judge Steven C. Yarbrough recommended that the Court affirm the bankruptcy court's June 10, 2019 decisions. Doc. 21. On March 6, 2020, Appellants timely filed their Objections to Magistrate Steven C. Yarbrough's Proposed Findings and Recommended Disposition. Doc. 22. Appellants' Objections are now before the Court.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered Appellants' Opening Brief (Doc. 16), the Trustee's Response (Doc. 18), the Reply (Doc. 19), the Magistrate Judge's PFRD (Doc. 21), and Appellants' Objections (Doc. 22) in light of the foregoing standards, and has conducted a de novo review. Based on the Court's review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are insufficient to demonstrate error in the Bankruptcy Court's decision, and do not address the Magistrate Judge's reasoning for recommending affirmance.

At issue in this appeal are orders from the Bankruptcy Court approving a settlement with the City of Santa Fe and striking Appellants' objections to that settlement for lack of standing. Doc. 11 at 127-35. Appellants also challenge a 2016 decision by Bankruptcy Judge Thuma not to recuse from presiding over this case. Doc. 16 at 2.

In his PFRD, the Magistrate Judge found that Appellants failed to challenge the reasoning behind Judge Thuma's determination that Appellants lacked bankruptcy standing. Doc. 21 at 4. The Magistrate Judge explained that debtors (like Appellants here) typically lack bankruptcy standing to challenge orders affecting the size or administration of the bankruptcy estate, because they cannot expect to recover anything from an insolvent estate. *Id.* at 3-4. He found that, on appeal, Appellants failed to challenge the finding that the Estate was insolvent, and failed to point to evidence of record showing that they are anything other than debtors (i.e., that they themselves have a valid claim against the bankruptcy estate). *Id.* at 4.

In their Objections, the Appellants do not challenge either of these conclusions. Doc. 22 at 5-6. They do not argue that the estate is solvent. They do not continue to argue that they are somehow creditors of the estate. Instead, they argue that attendance at a bankruptcy court hearing and the filing of objections are not required to establish bankruptcy standing. *Id.* This may or may not be true, but it is entirely beside the point. No court has ruled that Appellants lack standing because of non-participation in the bankruptcy proceedings (and to the contrary, the record demonstrates that their participation has been vigorous). Therefore, the Court agrees with the Magistrate Judge that Appellants have not demonstrated any error in Judge Thuma's ruling on their lack of bankruptcy standing.

The Magistrate Judge also ruled that Judge Thuma's decision on recusal was non-reviewable because his decision was not part of the record designated by Appellants for this

3

Court's review. Doc. 21 at 6. In their Objections, Appellants argue that this finding of waiver is incorrect because they submitted, as part of the record designations, their own filing of February 22, 2019 asking Judge Thuma to recuse himself. Doc. 22 at 2. Appellants, again, miss the point. The Magistrate Judge did not find that Appellants waived their challenge by failing to present this argument to the bankruptcy court. The Magistrate Judge found that the recusal decision was unreviewable because Appellants did not satisfy their duty to present a sufficient record to the reviewing court, including the decision from Judge Thuma giving reasons for denying the recusal motion. Doc. 21 at 6. In their Objections, Appellants fail to point to anything in the existing record that constitutes a decision from Judge Thuma on the recusal issue. They refer to the Magistrate Judge's PFRD as "misleading," but do not explain why. Doc. 22 at 9 (the relevant sentence appears to be unfinished).

Appellants also assert that they "are requesting to supplement the record." Doc. 22 at 9. They do not state with what they wish to supplement the record. This request was not presented to the Magistrate Judge, and it is, in any event, untimely. The time to designate the record has long expired. Appellants' record designation was due July 8, 2019. Doc. 4 at 1; Fed. R. Bankr. P. 8009(a)(1)(B). Appellants were permitted additional time to file, Doc. 8, and eventually filed the designation on September 18, 2019. Doc. 10-1. Bankruptcy Rule 8009(e)(2) permits correction of the record on appeal, but only for items that were "omitted from or misstated in the record by error or accident." Clearly, Appellants did not inadvertently omit materials related to the recusal decision by error or accident, because the recusal decision does not appear in the accompanying statement of issues on appeal. Doc. 10 (designating only orders pertaining to the settlement with the City of Santa Fe). Appellants make no arguments that they meet the standard of Rule

8009(e)(2), and otherwise provide no reasons in support of their request to supplement.[1] The Court therefore denies the request.

Following its *de novo* review, therefore, the Court agrees with the Magistrate Judge's recommendation. Accordingly, the Court ADOPTS the Magistrate Judge's PFRD and OVERRULES Appellants' Objections.

**IT IS THEREFORE ORDERED** that the Bankruptcy Court's June 10, 2019 Order Approving Motion To Approve Settlement Agreement With The City Of Santa Fe; and Order Granting Trustee's Motion To Strike Objection To Motion To Approve Settlement Agreement With The City Of Santa Fe are **AFFIRMED**. A separate Order of Judgment will enter contemporaneously.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Appellants do cite "*In re Armstrong*, 99 F. App'x 215" in support of their request. Doc. 22 at 9. This citation does not lead to the correct case. The Court assumes Appellants meant to cite "*In re Armstrong*, 294 B.R. 344, 361 (B.A.P. 10th Cir. 2003), *aff'd*, 97 F. App'x 285 (10th Cir. 2004)," a case the Magistrate Judge cited. Doc. 21 at 6. In that case, the Tenth Circuit granted a motion to file a supplemental appendix before the Tenth Circuit. *In re Armstrong*, 97 F. App'x at 285. The decision is not further explained and the Court sees no relevance to the decision here as to whether record supplementation is proper under Bankruptcy Rule 8009(e)(2).